PETERS, J.
|,The plaintiff, Kenyon Budwine, an inmate of the Allen Correctional Center, appeals the trial court’s dismissal of his tort action against the private corporation operating that prison as well as several of its employees. For the reasons that follow, we reverse the trial court judgment dismissing Mr. Budwine’s suit against the named defendants and remand this matter to the trial court for further proceedings.
DISCUSSION OF THE RECORD
On September 5, 2013, Mr. Budwine filed a tort suit in the Thirty-Third Judicial District Court against GEO, Inc., the operator of the Men Correctional Center in Men Parish, Louisiana, several GEO employees, and Mon Marks, a fellow inmate. Mr. Budwine’s tort claim, arises from a physical attack on him by Mr. Marks during a September 4, 2012 recreation break in the prison yard. According to Mr. Budwine’s allegations in his petition, on that day, Mr. Marks was allowed by the GEO employees to enter the recreation area despite being restricted from participating in the recreation break due to a disciplinary matter. Mr. Budwine asserted in his petition that toward the end of the break while the inmates were returning to their cells, Mr. Marks attacked him with a piece of aluminum wire taken from the prison fencing. Mr. Bud-wine claims to have sustained cuts to his face and neck as a result of the attack. Mr. Budwine’s petition is silent concerning his compliance with any administrative *549 remedies he might have had available to him.
The day after Mr. Budwine filed his suit, and before service was had on any of the defendants, the trial court issued a judgment dismissing Mr. Budwine’s claims against GEO and its employees based on its conclusion that Mr. Budwine 1 ¡Jailed to timely comply with the administrative remedies provided by the Correctional Administrative Remedy Procedure Act, La. r.s. l&im-im[1]
On appeal,[2] Mr. Budwine seeks reversal of the trial court’s judgment dismissing his claims against GEO and the employee defendants.
OPINION
The trial court based its decision to dismiss Mr. Budwine’s suit against GEO and its employees without allowing issue to be joined on La.R.S. 15:1172 and the judicial screening provisions of La.R.S. 15:1184(B). We find that the trial court erred in relying on these statutes to dismiss Mr. Bud-wine’s suit.
Louisiana Revised Statutes 15:1172(A) provides, in pertinent part, that:
Upon adoption of the administrative remedy procedure, in accordance with the Administrative Procedure Act, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against ... the contractor operating a private prison facility or any of its employees[.]
With regard to the time limitations for filing a claim for an administrative remedy, La.R.S. 15:1172(B)(1) (emphasis added) provides that “[a]n offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.” The penalty for failure to timely initiate administrative remedies is found in La.R.S. 15:1172(C), which states:
If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit | ^asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.
Louisiana Revised Statutes 15:1177 provides a special form of judicial review for decisions related to non-delictual complaints rendered through the administrative process established in La.R.S. 15:1172. With regard to the judicial review of these complaints, La.R.S. 15:1177(A) provides that the inmate dissatisfied with an adverse decision involving a complaint against a contractor operating a private-prison facility “may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having juris *550 diction in the parish in which the sheriff is loeated[.]” Thereafter, La.R.S. 15:1177(A) sets forth the specific and exclusive steps that may be taken in the judicial-review process for non-delictual complaints.
Additionally, these non-delictual complaints are subject to a special initial judicial screening process pursuant to La.R.S. 15:1178 (emphasis added):
A. When a clerk of court receives a petition for judicial review filed under the provisions of R.S. 15:1177, the clerk shall transmit the petition to the appropriate division or official of the court prior to taking any action on the petition.
B. The court, as soon as practicable after receiving the petition, shall review the petition to determine if the petition states a cognizable claim or if the petition, on its face, is frivolous or malicious, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages.
C. If the court determines that the petition states a cognizable claim, the court shall return the petition to the clerk of court for service of process.
D. If the court determines that the petition, on its face, is frivolous, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary |4damages, the court may dismiss the petition, or any portion of the petition, without requiring the exhaustion of administrative remedies.
In fact, La.R.S. 15:1179 prohibits the clerk of court from effecting service of process of a petition filed under the provisions of La.R.S. 15:1177 “until the petition has been reviewed by the court and has been found to state a cognizable claim.”
However, La.R.S. 15:1177(0) makes it clear that the special form of judicial review for non-delictual complaints handled through the administrative process and the judicial screening process of La.R.S. 15:1178 does not apply to delictual complaints initiated through the administrative review process. Louisiana Revised Statutes 15:1177(0) (emphasis added) provides, in pertinent part, that “[tjhis Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions.” Thus, instead of the step-by-step judicial-review procedure mandated by La.R.S. 15:1177(A) for non-delictual complaints first subject to the administrative-remedy procedure, delictual complaints are treated the same as any other civil action.
In Mr. Budwine’s case, the trial court did not review his petition under La.R.S. 15:1178. Instead, it reviewed the petition pursuant to the authority provided in La.R.S. 15:1188. While La.R.S. 15:1188 contains judicial screening language similar to that in La.R.S. 15:1178, it is not a part of the Correctional Administrative Remedy Procedure Act. Instead, it comprises a part of the Prison Litigation Reform Act, La.R.S. 15:1181-1191. Unlike the Correctional Administrative Remedy Procedure Act, the Prison Litigation Reform Act provides the authority for inmates to seek remedies with respect to prison conditions. RLa.R.S. 15:1182. Thus, we find that judicial review process of La.R.S. 15:1182 is not applicable to Mr. Budwine’s suit.
Having found that neither the judicial screening provisions of La.R.S. 15:1178 nor the judicial screening provisions of La.R.S. 15:1182 are applicable to Mr. Budwine’s suit and because, pursuant to the explicit terms of La.R.S. 15:1177(0, any inmate action seeking damages based on a delictu *551 al or tort action should be filed in the district court, as an original civil action and subject to the procedure applying in all civil actions, we find that the trial court erred in dismissing Mr. Budwine’s suit without allowing issue to be joined with the named defendants.
DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court dismissing GEO, Inc. and its employees from the suit filed by Kenyon Budwine and remand the matter to the trial court for further proceedings. We decline to assess costs at this time because Kenyon Budwine’s suit was dismissed before issue was joined with GEO, Inc. and its employees. Costs of this appeal are to be assessed by the trial court at the termination of this litigation.
REVERSED AND REMANDED.
GREMILLION, J., dissents and assigns written reasons.

. With regard to the remaining claim against Mr. Marks, the trial court rejected Mr. Bud-wine’s application for forma pauperis status, finding that he had used an inappropriate form in his application. Mr. Budwine initially raised this issue on appeal, but subsequent to filing his motion for appeal, he was granted the right to proceed in forma pauperis. Therefore, this issue has been rendered moot and we will not consider it on appeal.

. Mr. Baldwin couches his assignments of error in the form of "Questions and Issues Presented.”